**GUILD CREATIONS, INC., Plaintiff,**

v.

**UNITED STATES, Defendant.**

**C.D. 3721; Protest 62/10853–17591–61.**

United States Customs Court
Second Division.

Feb. 27, 1969.

Barnes, Richardson & Colburn, New York City (E. Thomas Honey, New York City, of counsel), for plaintiff.

William D. Ruckelshaus, Asst. Atty. Gen. (Bernard J. Babb, New York City, trial attorney), for defendant.

Before RAO and FORD, Judges.

RAO, Chief Judge:

The merchandise involved in this protest is described on the invoices as "Puffer Bags." It was classified by the customs collector, by similitude, as provided in paragraph 1559(a) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1954, to all manu-

factures, wholly or in chief value of cotton, not specially provided for, other, and assessed with duty at the rate of 20 per centum ad valorem pursuant to the provisions of paragraph 923 of said act, as modified by the Japanese Protocol to the General Agreement on Tariffs and Trade, 90 Treas.Dec. 234, T.D. 53865, supplemented by Presidential notification, 90 Treas.Dec. 280, T.D. 53877.

Plaintiff claims that the merchandise is properly classifiable under paragraph 1558 of said act, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas.Dec. 121, T.D. 52739, supplemented by Presidential notification, 86 Treas.Dec. 347, T.D. 52827, as articles manufactured in whole or in part, not specially provided for, and, accordingly, dutiable at the rate of 10 per centum ad valorem. Alternatively, plaintiff claims that the merchandise should be classified by similitude to manufactures, wholly or in chief value of india rubber, not specially provided for, dutiable at 12½ per centum ad valorem, under paragraph 1537(b) of said act. Since this latter claim has not been pressed, we will deem it to be abandoned.

The applicable tariff provisions, read as follows:

Paragraph 923, Tariff Act of 1930, as modified, *supra*:

All manufactures, wholly or in chief value of cotton, not specially provided for:

\*   \*   \*   \*   \*   \*   \*   \*

Other (except articles of pile construction, bougies, catheters, drains, explorateurs, instillateurs, probes, sondes, and other urological instruments, molded cotton and rubber packing, printers' rubberized blanketing, and yarns containing wool) .......................20% ad val.

Paragraph 1559(a), Tariff Act of 1930, as amended, *supra*:

(a) Each and every imported article, not enumerated in this Act, which is similar in the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty as the enumerated article which it most resembles in the particular before mentioned; \*   \*   \*.

Paragraph 1558, Tariff Act of 1930, as modified, *supra*:

Articles manufactured, in whole or in part, not specially provided for   \*   \*   \*   .................10% ad val.

---

Plaintiff's only witness was Mr. Dan Shaw, secretary-treasurer of plaintiff corporation, who is in charge of selling and buying for the business. The witness identified plaintiff's exhibit 1 as being the same item as was imported in the entries before this court. He testified that the item was offered for sale as a beach bag and was called a "Puffer Bag." It is made of plastic and contains no cotton. The item is used like a beach bag in that a bathing suit, towel, and other beach articles would be carried in it to and from the beach. When in use at the beach, the bag has an additional feature which plaintiff contends differentiates it from other beach bags. The bag has an inner lining which is sealed to the outer surface at the open end of the bag. This lining can be pulled out and the bag can be inflated by blowing air through a valve located in the lining.

When fully inflated, the item can be used as a beach pillow, or ball, or as a float for a small child. The witness testified that the item is advertised in such a manner as to accentuate the additional features of the "Puffer Bag," while admitting, on both direct and cross-examination, that the "Puffer Bag" is still essentially a beach bag.

Of necessity, the bag must be airtight to enable it to be inflated and put it to its other uses. Plaintiff contends that since cotton beach bags are not airtight, they cannot be inflated and cannot be put to the same use as a "Puffer Bag." It is argued that, since no article of cotton can be put to the same uses as the "Puffer Bag" the collector could not have properly found that the merchandise at bar is similar to cotton beach bags under paragraph 923, *supra*.

The issue, therefore, is whether the imported plastic bags are similar in use to cotton beach bags which are classifiable as manufactures of cotton, not specially provided for, under paragraph 923 of the Tariff Act of 1930, as modified, *supra*. Such similarity of use is required to sustain the classification by similitude pursuant to paragraph 1559(a) of the Tariff Act of 1930, as amended, *supra*.

In S. S. Kresge Co. et al. v. United States, 46 CCPA 100, C.A.D. 707, our appellate court reviewed the legislative intent embodied in the amended paragraph 1559, and we deem it significant in the action at bar. The court pointed out that the one principal requirement of the paragraph is that the "use of the article in question must *most resemble* the use to which the enumerated articles may be applied." [Emphasis supplied.] The paragraph employs the word "resemble" rather than a word which requires that the use or material of the involved article be exactly alike.

■ An article is considered to be enumerated if it " * * * comes within a class made dutiable in general terms by the act, quite as certainly as if the article is made dutiable under an *eo nomine* designation." United States v. Wecolite Co., 45 CCPA 54, C.A.D. 672.

It is plaintiff's contention that if no articles of cotton can be put to the special uses of which the imported plastic beach bags are adapted, the imported bags cannot be classified by similitude to such cotton beach bags.

■ While it is true that cotton beach bags may not be capable of being inflated and used in the manner in which plaintiff's witness has testified the imported article can be used, we do not believe that such a difference is significant. As discussed above, paragraph 1559 does not require that the article in issue be identical to the enumerated article. All that is necessary is that it be similar.

Plaintiff has repeatedly admitted in its brief and by its witness at trial that the imported item is essentially a beach bag and that is what the item is sold as. Plaintiff's witness, who was in charge of the purchase and sale of the item, admitted on redirect examination that the item is in fact a "gimmicky type of beach bag." The fact that it can be also used tangentially, as a pillow or beach ball, detracts little from its essential use as a beach bag, and, as such, its similarity of use to cotton beach bags cannot be overridden.

In Scientific Packaging Corp., A. N. Derringer, Inc. v. United States, 53 CCPA 34, C.A.D. 873, our appellate court upheld this court's ruling that plastic laundry bags are similar in use to cotton laundry bags, notwithstanding the fact that said plastic laundry bags, because of the inherent qualities of plastic, were suitable for other uses than cotton laundry bags would have. The court found that though the object of the vendor was to encourage as many uses as possible so as to encourage as many sales as possible, the item still remained, for all intents and purposes, a laundry bag used to carry laundry.

■ So, too, we find that while the item in question does indeed have certain uses for which cotton beach bags are not adapted, the primary use of the article is in fact as a beach bag. Such being the case it does not appear that similitude to

cotton beach bags has been negatived. The claim for classification in paragraph 1537(b), *supra*, is dismissed. All other claims are overruled.

Judgment will be entered accordingly.